IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-01943-PAB

LOENBRO INSPECTION, LLC, a Montana LLC,

    Plaintiff,

v.

SCOTT SOMMERFIELD,
JASON MAHONEY,
BRANDON CAMPOS, and
TRISPEC LLC, a Colorado LLC,

    Defendants.

_____

# ORDER
_____

This matter is before the Court on that portion of Loenbro's Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 6] that requests issuance of a temporary restraining order ("TRO"). The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

Plaintiff Loenbro Inspection, LLC ("Loenbro") is an oilfield services company that provides non-destructive testing ("NDT") using phased array ultrasonic test ("PAUT") instruments and visual inspection services. Docket No. 2 at 4, ¶¶ 11, 14. According to the motion, in late 2017 or early 2018, Loenbro employees Scott Sommerfield, Jason Mahoney, and Brandon Campos, while still employed by Loenbro, started making plans to form a competing company, defendant Trispec LLC ("Trispec"). Docket No. 6 at 8. These plans included attempts to recruit current Loenbro employees to the new company and the preparation of a Trispec business plan. *Id.* The business plan

identifies as potential customers three current Loenbro clients.  *Id.* at 9.  On July 8, 2018, defendants Sommerfield, Mahoney, and Campos announced that they were leaving Loenbro.  *Id.*  On July 24, 2018, Loenbro's Inspection Division Manager examined equipment used by the individual defendants when they worked at Loenbro and discovered that the SDHC memory card from a PAUT device used by Campos, specifically an OmniScan MX2 device, was missing.  *Id.* at 12.  Counsel for Loenbro requested its return.  *Id*.  When it was returned by Campos on July 25, Loenbro hired a firm to conduct a forensic analysis of the card, which showed that the card had been accessed on July 22, 2018, after Mr. Campos had left Loenbro.  *Id.* at 13.  Loenbro alleges that the memory card includes proprietary MX2 setup files.  *Id*. at 12.  In 2017, during the course of his employment, Mr. Campos signed a Proprietary Information and Inventions Agreement that prohibited Mr. Campos from using Loenbro's proprietary information, including "trade secrets," "source and object codes," "data, programs," and "improvements," for purposes beyond his employment responsibilities.  Docket No. 7-1 at 45.[1]

On July 31, 2018, plaintiff filed a complaint alleging eight claims for relief.

---

[1] Plaintiff also sought to rely on the confidentiality provisions in its employee handbook, Docket No. 7-1 at 13, but plaintiff did not make a showing that the employee handbook satisfies either of the categories under which an employee handbook can be treated as an enforceable contract under Colorado law.  *See Smith v. Wellpoint, Inc.*, No. 09-cv-00256-MSK-MJW, 2010 WL 3075579, at *11 (D. Colo. Aug. 5, 2010) ("Under Colorado law, policies articulated in an employee handbook can amount to promises enforceable in contract . . . [w]here a reasonable employee would construe the policies as being binding on the employer and where the policies are sufficiently definite so as to allow the Court to understand and enforce them, the Court may treat them as contractual in nature." (citing, e.g., *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 711-12 (Colo.1987)).

Docket No. 2. In its first claim for relief, violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, plaintiff alleges that defendants retained its trade secret information after leaving its employment, including "confidential and proprietary setup files for the OmniScan MX2 PAUT device that provide Loenbro a competitive advantage by enabling it to provide more consistent and reliable PAUT results." Docket No. 2 at 18, ¶ 80. On August 1, 2018, the Court held a hearing on that portion of the motion seeking a temporary restraining order. Docket No. 16. Defendants were represented at the hearing by counsel. *Id*.

To succeed on a motion for temporary restraining order, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.,* 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

A plaintiff asserting a claim for misappropriation of trade secrets under the DTSA must "establish: (1) the existence of a trade secret that relates to a product or service used in, or intended for use in, interstate or foreign commerce; (2) the acquisition of the trade secret, or the use or disclosure of the trade secret without consent; and (3) the person acquiring, using, or disclosing the trade secret knew or had reason to know that the trade secret was acquired by improper means." *Arctic Energy Servs., LLC v. Neal*, No. 18-cv-00108-PAB-KLM, 2018 WL 1010939, at *2 (D. Colo. Feb. 22, 2018) (citing 18 U.S.C. §1836(b)(1); 18 U.S.C. § 1839; *Ultradent Prods. Inc. v. Spectrum Solutions LLC*, 2018 WL 324868, at *2 (D. Utah Jan. 8, 2018); *Blue Star Land Servs. LLC v. Coleman*, 2017 WL 6210901, at *4 (W.D. Okla. Dec. 8, 2017)). The DTSA defines "trade secret" broadly to include "all forms and types of financial, business, scientific, technical, economic, or engineering information" so long as "the owner thereof has taken reasonable measures to keep such information secret" and "the information derives independent economic value, actual or potential, from not being generally known to," or ascertainable by, another person. 18 U.S.C. § 1839(3).

At the hearing, the Court found that plaintiff demonstrated a likelihood of success on the merits of its DTSA claim concerning Mr. Campos' retention and apparent accessing of the SDHC memory card after he left Loenbro. The Court found that plaintiff demonstrated that, in the absence of injunctive relief, it will suffer irreparable harm because the custom setup files provide a competitive advantage to plaintiff. The Court found that the balance of equities tips in plaintiff's favor because defendants indicated that they use different equipment to perform inspections that requires different setup files. The public interest favors an injunction because the public has a substantial

4

interest in enforcing private property rights, including rights in trade secrets.

The Court found, pursuant to Fed. R. Civ. P. 65(c), that a bond was unnecessary in light of defendants' representation that they use different equipment.

The Court found that plaintiff failed to carry its burden of proof for its other requests for a temporary restraining order.

For the foregoing reasons and those stated in the Court's oral ruling, it is

**ORDERED** that, pursuant to Fed. R. Civ. P. 65, the portion of plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 6] seeking a temporary restraining order is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that defendants and all affiliated entities, agents, representatives, employees, attorneys, and other persons acting, or purporting to act, on their behalf or in active concert or participation with them, are enjoined from possessing, using, copying, or disclosing Loenbro Inspection, LLC's and its affiliates' proprietary setup files for the OmniScan MX2 PAUT device. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 65(b)(2), this order will expire on August 16, 2017 unless extended by the Court for good cause. It is further

**ORDERED** that plaintiff shall serve a copy of this order on defendants. It is further

**ORDERED** that, on or before Monday, August 6, 2018, plaintiff shall file a witness list, using the form found at http://www.cod.uscourts.gov/JudicialOfficers/ ActiveArticleIIIJudges/HonPhilipABrimmer.aspx, indicating the witnesses it intends to call at a preliminary injunction hearing and the length of time of their direct

examinations. On or before Wednesday, August 8, 2018, defendants shall file their witness list, which shall include estimates of time required for cross-examining plaintiff's identified witnesses and estimates of time for conducting the direct examination of defendants' witnesses.

Entered August 2, 2018, at 11:20 a.m.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge