IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-01943-PAB

LOENBRO INSPECTION, LLC, a Montana limited liability company

Plaintiff,

v.

SCOTT SOMMERFIELD,
JASON MAHONEY,
BRANDON CAMPOS, and
TRISPEC LLC, a Colorado limited liability company,

Defendants.

---

**ORDER**

---

This matter is before the Court on the parties' Joint Motion to Enter Preliminary Injunction [Docket No. 46].

Good cause appearing for the relief requested therein, it is

**ORDERED** that the parties' Joint Motion to Enter Preliminary Injunction [Docket No. 46] is **GRANTED**. It is further

**ORDERED** that defendants and all affiliated entities, agents, representatives, employees, and other persons acting, or purporting to act, on their behalf or in active concert or participation with them, are enjoined from using, copying, or disclosing (except to defendants' attorneys and plaintiff) Loenbro Inspection, LLC's and its affiliates' setup files for the OmniScan MX2 PAUT device. It is further

**ORDERED** that, on or before the third business day following this Order, defendants will provide to plaintiff a copy of the setup files (and any other files not provided by the manufacturer of the PAUT device) defendants have used to conduct PAUT services since July 19, 2018, and a copy of any reports or results created from those services, with redactions of any identifying information for those customers, provided that plaintiff agrees it has no right to use or retain such files in any manner other than for evaluation in this litigation and will promptly delete such files, except for an archival copy held by plaintiff's litigation counsel, providing written confirmation of the same to defendants as soon as practically possible. It is further

**ORDERED** that, on or before the third business day following this Order, defendants will provide, under oath, a list to plaintiff of each computer, phone, tablet, cloud-based storage location, removable memory device, or any other electronic device containing (1) Loenbro Inspection, LLC's and its affiliates' proprietary setup files for the OmniScan MX2 PAUT device; (2) any information that originated from an electronic device or storage location owned by Loenbro Inspection, LLC or its affiliates; or (3) any information that originated from a Loenbro customer or potential customer and was transmitted at a time when defendants Sommerfield, Mahoney, or Campos was employed by Loenbro. Defendants shall identify all devices or locations to which any of the foregoing information was transferred or, to their knowledge, is currently stored or was stored and shall specifically identify those devices or locations that remain in defendants' possession or accessible to them, regardless if it is owned by someone else. It is further

**ORDERED** that defendants, upon request of the plaintiff, shall submit any device or cloud-based storage location appearing on the foregoing list ("Devices") for forensic

examination by a third-party expert ("Expert") mutually agreed upon by the parties and the parties agree to the following process:

1. The Expert will sign a non-disclosure and confidentiality agreement with McCarthy Garber Law, LLC protecting the attorney-client and work-product privileges between defendants and their legal counsel. The parties agree that by providing Devices to the Expert, the defendants are not waiving any attorney-client or work-product privilege related to the Devices or any content, documents, files, or other materials found on the Devices.

2. Plaintiff may provide to defendants a list of search parameters proposed to assist the Expert in locating Loenbro information. A mutually agreed upon version of this list will be provided to the Expert prior to the Expert's review.

3. The Expert will create a complete, forensic image of each Device submitted to the Expert, and counsel for defendants shall retain those images – unaltered -- until this litigation terminates or further order of this Court.

4. The Expert will conduct an examination of these Devices to identify any Loenbro information -- including any Loenbro files, emails, or resources ("Loenbro Files"). Loenbro Files do not include attorney-client communications or work product (which includes, but is not limited to, all communications with McCarthy Garber Law, LLC; Asa Garber; Kieran McCarthy; or, any communications among the defendants that discuss litigation or legal advice), and any information or files not relating to Loenbro.

5. The Expert will provide defendants' counsel all files identified above and a list of those files. Defendants' counsel will review the files for attorney-client and work- product privilege, for any disclosures by the Expert beyond the agreed-to scope, and whether any

redactions are necessary to protect Trispec confidential information. Defendants' counsel will provide a privilege and redaction log to plaintiff -- including the list or a redacted version of the list, if any redactions are necessary -- with an explanation of the basis for any redactions or non-disclosures. Any materials that are otherwise relevant that include Trispec confidential information will be provided with redactions to protect Trispec confidential information.

6. The Expert will provide the Loenbro files, not identified on the privilege and redaction log, to plaintiff, and any redacted files if such exist.

7. The parties shall evenly split the cost of the Expert. It is further

**ORDERED** that the parties will file with this Court a list of additional documents, files, or other materials, if any, which defendants are enjoined from using, copying, and disclosing, with a corresponding proposed order. If the parties cannot agree to such a list in its entirety, the parties will jointly file a list of disputed and undisputed materials to be enjoined, with Loenbro identifying the legal and factual basis upon which it seeks an injunction for each disputed document, file, or other material. Within 7 days of filing the above list, the parties will each file supplemental briefing why, under the legal standard for granting a preliminary injunction, defendants should or should not be enjoined from using, copying, or disclosing each disputed document, file, or other material. It is further

**ORDERED** that, upon plaintiff's written request, defendants will delete from each Device all files or information the Court enjoins defendants from using, copying, and disclosing. It is further

**ORDERED** that the portion of Loenbro's Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 6] that requests issuance of a preliminary injunction is

**DENIED AS MOOT**. It is further

**ORDERED** that Loenbro's Motion for Expedited Discovery [Docket No. 29] is **DENIED AS MOOT**.

This Order will remain in effect until further order of the Court.

Dated October 4, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge