Case 1:18-cv-01943-PAB-KLM   Document 56   Filed 10/18/18   USDC Colorado   Page 1 of 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 18-CV-01943-PAB

LOENBRO INSPECTION, LLC, a Montana LLC,

    Plaintiff,

v.

SCOTT SOMMERFIELD,
JASON MAHONEY,
BRANDON CAMPOS, and
TRISPEC LLC, a Colorado LLC,

    Defendants.

**PLAINTIFF LOENBRO INSPECTION, LLC'S REPLY TO DEFENDANT
SOMMERFIELD'S RESPONSE TO MOTION TO DISMISS**

## INTRODUCTION

Defendant Sommerfield argues that Loenbro's intent is in dispute and that a motion to dismiss is therefore inappropriate. However, Sommerfield's argument is premature because the question of whether Loenbro's conduct was outrageous as a matter of law is a threshold issue, clearly resolved in favor of dismissal. Loenbro has provided the Court with persuasive and precedential authority in support of its argument that Loenbro's conduct is not sufficiently outrageous as a matter of law to support a claim for intentional infliction of emotional distress ("IIED"). In response, Defendant Sommerfield offers no authority to the contrary, only rhetoric and conclusory allegations. Loenbro respectfully requests the Court grant their Motion to Dismiss.

## ARGUMENT

**I.     The correct pleading standard on a motion to dismiss is plausibility.**

Defendant Sommerfield repeatedly relies on one quote from *Zartner v. City and County of Denver, Colorado*, 242 F. Supp. 3d 1168, 1171-72 (D. Colo. 2017) in an attempt to confuse the Court about the proper pleading standard at the motion to dismiss stage. Defendant emphasizes the importance of "providing Loenbro sufficient notice of the basis for satisfying each element of the claim and how the relief sought flows from Loenbro's conduct." Defendant's Response ("Response") at 3. However, *Bell Atl. Corp. v. Twombly* requires courts to dismiss a claim under Rule 12(b)(6) where the plaintiff has failed to "allege enough factual matter that, taken as true, makes his 'claim to relief…plausible on its face.'" 550 U.S. 544, 570 (2007). Pursuant to this standard, Defendant's IIED counterclaim must be dismissed.

**II.    The determination of whether alleged conduct is sufficiently outrageous as a matter of law is a threshold issue, properly resolved at the motion to dismiss stage.**

Defendant Sommerfield incorrectly states that the "law on point [is] motivation and intent." Response at 2. In fact, the "law on point" is whether Loenbro's alleged conduct is sufficiently outrageous as a matter of law to maintain a claim for IIED. *See Rawson v. Sears, Roebuck & Co.*, 530 F. Supp. 776, 780 (D. Colo. 1982) (a plaintiff must establish a certain minimum threshold level of conduct to state a cause of action for outrageous conduct); *Fischer v. Klescewski*, Civil Action No. 15-cv-1995-WJM-STV, 2017 U.S. Dist. LEXIS 41346, at *52 (D. Colo. Mar. 22, 2017) ("Colorado law requires the trial court to act as a gatekeeper as to the first element of the claim.").

Colorado state and federal courts have consistently held, "although the jury will ultimately determine whether the conduct in question is outrageous, it is for the court to decide,

2

in the first instance, whether the issue should be submitted to the jury based on whether reasonable persons could differ on the conduct being outrageous." *Churchey v. Adolph Coors Co.*, 759 P.2d 1336, 1350 (Colo. 1988); *McCarty v. Kaiser-Hill Co., L.L.C.*, 15 P.3d 1122, 1126 (Colo. App. 2000); *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 665 (Colo. 1999) ("Before permitting a plaintiff to present a claim for outrageous conduct to the jury, the trial court must initially rule on the threshold issue of whether the plaintiff's allegations of outrageous conduct are sufficiently outrageous as a matter of law."); *Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d 877, 883 (Colo. 1994) ("Although the question of whether conduct is outrageous is generally one of fact to be determined by a jury, it is first the responsibility of a court to determine whether reasonable persons could differ on the question.").

Defendant attempts to distract the Court from this point by emphasizing that "improper intent is a matter of circumstantial evidence and inference" inappropriate for a motion to dismiss. Response at 6. However, the Court need not even reach the question of intent in deciding this motion because Sommerfield has failed to plead plausible facts alleging conduct that is outrageous as a matter of law. Because the determination of outrageousness as a matter of law is a threshold issue – one that Defendant has failed to satisfy – the Court need not go any further.

**III.    Reasonable people could not differ on the question of whether Loenbro's alleged conduct was outrageous.**

Defendant contends, "[a] reasonable jury has sufficient facts here that, assuming those facts and reasonable inferences are true, it could conclude the threats and conduct of a larger corporation against a former employee and his family are, taken as a whole, outrageous." Response at 3-4. In support of this contention, Defendant relies on a colorful recitation of the threadbare facts alleged

in the counterclaim. *See* Response at 4. Although Defendant attempts to dramatize Loenbro's alleged conduct, the facts as plead are as follows:

- The July 21, 2018 telephone conversation between Sommerfield and Travis Joyner during which Joyner allegedly threatened to "bury" Defendants in litigation and asked that Defendants sign a ten-year non-competition agreement;

- That on July 23, 2018 there was a white truck parked on a public street near Sommerfield's home; and

- That Loenbro hired a private investigator to follow Defendants from their homes and record his findings by video.

Defendant's Counterclaim ¶¶ 20-24, 27, 28, 31, 37, 38. Even accepted as true and considered cumulatively, under Colorado law, these allegations are insufficient to constitute outrageous conduct as a matter of law.

On a claim for IIED, Colorado courts apply the commentary in the Restatement (Second) of Torts § 46 (1965) and hold that "the level of outrageousness required for conduct to create liability for intentional infliction of emotional distress is extremely high." See *Coors Brewing Co.*, 978 P.2d at 666 (citing Rest. 2d Torts § 46 ("Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.")). The acts must so arouse resentment in average members of the community as to lead them to exclaim, "Outrageous!" *Churchey*, 759 P.2d at 1350. Importantly, the scope of conduct that gives rise to liability for IIED is exceedingly narrow. *See Fischer*, 2017 U.S. Dist. LEXIS 41346, at *51 (quoting *Green v. Qwest Servs. Corp.*, 155 P.3d 383, 385 (Colo. App. 2006)).

In considering claims for IIED, Colorado courts have held conduct arguably more egregious than that alleged by Defendant was not outrageous as a matter of law. *See, e.g., Coors*

*Brewing Co.*, 978 P.2d at 666 (en banc) (finding allegations "that [employer] engaged in an extensive criminal conspiracy involving illegal drugs and money laundering and that [employer] fired [plaintiff] to scapegoat him for these crimes" was not outrageous as a matter of law); *McCarty*, 15 P.3d at 1126 (granting summary judgment on an outrageous conduct claim premised on evidence that employer singled the plaintiff out for scrutiny, threatened to fire those coworkers who associated with him, threatened the plaintiff by phone, twice attempted to assault him with an automobile, and terminated him); *Preston v. Atmel Corp.*, 560 F. Supp. 2d 1035, 1040 (D. Colo. 2008) (granting motion to dismiss where an alleged conspiracy to build a case for plaintiff's termination was insufficient to support a claim for outrageous conduct).

Defendant argues that Loenbro's "threats and the demand are unlawful under Colorado law." Response at 4. Even accepted as true – which Loenbro does not – that fact alone does not make the alleged conduct outrageous per se. *See Preston*, 560 F. Supp. 2d at 1040 ("Conduct that could be illegal or that some might consider reprehensible is not necessarily actionable." (citing Rest. 2d Torts § 46, cmt. d (1965) ("It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice . . . ."))). Further, threatening litigation is not outrageous conduct and parties to real-world business disputes should expect litigation as a potential consequence of unlawful conduct. *Mai v. Williams Indus.*, 899 F. Supp. 536, 542 (D. Kan. 1995) ("To threaten to file litigation in a bona fide dispute is certainly not outrageous." Further, in business disputes, "it is not unusual, but not necessarily justifiable, for hardball tactics to be employed.").

Defendant contends that Loenbro carried out a "campaign of intimidation" against Sommerfield by hiring a private investigator to follow him from his home. However, the Tenth Circuit has held that surveilling a home, without more, is not outrageous conduct. *See Clark v. Brien*, 59 F.3d 1082, 1086 (10th Cir. 1995) (hiring several off-duty firefighters and police officers to surveil a home from an adjoining lot was not outrageous as a matter of law). Similarly, courts in other jurisdictions have concluded that surveilling the plaintiff's movements is not outrageous conduct. *See Pemberton v. Bethlehem Steel Corp.*, 502 A.2d 1101, 1105-06, 1115 (Md. Ct. Spec. App.) (applying Rest. 2d Torts § 46 to hold that employer's alleged surveillance of plaintiff's "comings and goings" was insufficiently outrageous to survive summary judgment).

Sommerfield alleges conduct that occurred over the course of two days – a single phone call on Saturday and surveillance by a licensed private investigator on Monday. Without something more, these allegations are not outrageous as a matter of law and are insufficient to state a claim for IIED. *See Rawson*, 530 F. Supp. at 780 (holding that, in most cases, a claim for outrageous conduct is cognizable only where the defendant has engaged in a *pattern of conduct* that has either intended to cause or recklessly did cause severe emotional distress). Even considered cumulatively, Defendant's allegations of "threats and demands" made during one phone conversation, seeing a truck parked near his home, and being followed for one day and videotaped in a public coffee shop are insufficient to satisfy the "exacting standard" required for a claim of IIED. *See Coors Brewing Co.*, 978 P.2d at 666.

**IV.    Defendant has failed to offer any authority in response to Loenbro's well-supported arguments.**

Defendant offers plenty of colorful language and dramatizations of the allegations in the counterclaim, but utterly fails to proffer any legal authority in support of these assertions. As

6

explained above, Colorado law is clear – threatened litigation between business disputants and routine surveillance do not constitute outrageous conduct as a matter of law.

Defendant Sommerfield attempts to distinguish the facts of this case from *Bob Blake Builders, Inc. v. Gramling* and *Mai v. Williams Indus.* because those cases were decided at the summary judgment stage. Response at 7-8. However, Defendant fails to acknowledge the similarities between the motion to dismiss and summary judgment standards. At both stages, the Court is asked to determine the merits of the case based on a limited universe of facts. Further, the Court may rely on persuasive authority where courts have decided the same question on similar facts, even if the case was decided at a different stage in the litigation. *See, e.g. Silver v. Primero Reorganized Sch. Dist. No. 2*, 619 F. Supp. 2d 1074, 1078 (D. Colo. 2007) ("The outcome of several cases involving similar facts is helpful in assessing the sufficiency of the Plaintiff's allegations.") (relying on cases decided on motions for judgment as a matter of law, summary judgment, and to dismiss in deciding a motion to dismiss a claim for outrageous conduct).

The facts of *Gramling* mirror those Defendant has alleged related to the phone conversation between Sommerfield and Joyner. In *Gramling*, during a heated telephone conversation between business disputants, one party threatened to "rip down the house" for nonpayment on a contract. 18 P.3d 859, 867 (Colo. App. 2001). Similarly, here, during a telephone conversation between Sommerfield and Joyner over a business dispute, Defendant alleges Joyner threatened to "bury" Defendant in litigation. Counterclaim at 22. In both cases, the alleged threats were figurative, not literal – neither defendant threatened physical harm. Further, in both cases, the statements were made during a discussion over a business dispute.

In *Gramling*, the court determined that the defendant merely "threatened [the buyer] in contemplation of litigation," and that "[t]he threat was momentary in nature and was soon retracted." *Id*. In its reasoning, the court stated, "[l]iability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Persons must necessarily be hardened to a certain amount of rough language and to occasional acts that are definitely inconsiderate and unkind." *Id*. at 866 (citing Rest. 2d. Torts § 46 comment d). This Court should reach the same conclusion based on Defendant's allegations of "threats." The statements allegedly made during the telephone conversation between Sommerfield and Joyner were momentary in nature and "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" are not subject to liability for IIED.

Although *Mai v. Williams Indus*. comes out of the District of Kansas, Kansas courts apply the same threshold rule to claims of outrageous conduct and apply the Restatement (Second) of Torts § 46 definition of outrageousness. 899 F. Supp. at 541-42. In *Mai*, the plaintiff and defendant were also parties to a business dispute. *Id*. The plaintiff had left a series of telephone messages and sent a number of facsimile messages threatening the defendant with a home visit and litigation. Some of the plaintiff's comments included: "We've got enough to hang him…I intend to be on your doorstep Monday morning and I will continue to stay there until something happens. I hope you can get the police to arrest me for trespassing because that is exactly what I want…I'm not fooling, I'm not kidding, it's going to happen…[Plaintiff's company] won't find an erector to put up another job for them forever." *Id*.

The *Mai* court concluded that "no reasonable jury could find that defendants' conduct was so extreme and outrageous that recovery should be had." *Id*. In addition to reasoning that

8

there was not a great power disparity between the parties, the court also reasoned that "the controversial actions were confined to verbal or written comments over a brief span of time [and] [t]here were no overt or direct threats of physical harm." *Id*. at 542. The same is true here. Sommerfield has not alleged any threats of physical harm and no "reasonable person would construe [Loenbro's] actions and words as threatening physical harm." *Id*. The *Mai* court also considered the context – a high-stakes business dispute like the one between Loenbro and Sommerfield – and concluded, "it is not unusual, but not necessarily justifiable, for hardball tactics to be employed." *Id*.

### V.  *Allen v. WMW & Assocs., Inc*. was overturned based on distinguishable facts.

In *Allen v. WMW and Assocs, Inc*., No. 2004CV2022, 2005 WL 6208017 (Colo. Dist. Ct. July 12, 2005), the trial court granted partial summary judgment, holding "that surveillance conducted for a legitimate purpose and in a legal manner… is not extreme or outrageous as a matter of law." The trial court reasoned there was no evidence that defendant "intended for this claimant to be subjected to anything other than routine, legal, public surveillance." *Id*. The Court of Appeals reversed because it was undisputed that the defendant had knowledge that the, "plaintiff had been previously assaulted, stalked by men, and subject to surveillance in the past, [and] was extremely vulnerable to any surveillance, and that any surveillance could cause her psychological harm and create a risk that she could become suicidal or homicidal." *Allen v. WMW & Assocs, Inc*., No. 05CA2547 (Colo. Ct. App. April 17, 2008) (unpublished).

The Court of Appeals did not reverse on the basis of routine, legal surveillance. Rather the Court reversed based on the defendant's prior knowledge of the plaintiff's particular vulnerability

to such surveillance. This is not the case here. Sommerfield has not alleged that he had any unusual vulnerability to surveillance, less that Loenbro had knowledge of such vulnerability.

## CONCLUSION

Defendant Sommerfield has failed to plead facts sufficient to allege conduct that is outrageous as a matter of law. Accordingly, Loenbro respectfully requests that the Court dismiss Count IV of Defendants' counterclaim with prejudice.

Respectfully submitted this 18th day of October, 2018.

/s/Briana Al Taqatqa
Ben D. Kappelman
Briana Al Taqatqa
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Email: kappelman.ben@dorsey.com
Email: altaqatqa.briana@dorsey.com

Stephen D. Bell
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202
Telephone: (303) 629-3400
Email: bell.steve@dorsey.com

Gabrielle M. Wirth
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 800-1400
Email: wirth.gabrielle@dorsey.com

**ATTORNEYS FOR PLAINTIFF
LOENBRO INSPECTION, LLC**

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on October 18, 2018, I caused the foregoing document, titled **PLAINTIFF LOENBRO INSPECTION LLC'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO DISMISS** to be filed with the Clerk of Court using the CM/ECF system which will send notification and the availability of such filing to the following email address:

Asa C. Garber
McCarthy Garber Law, LLC
3775 Cherry Creek N. Dr. #575
Denver, Colorado 80209
Office 720-432-9769
Email: Asa@McCarthyGarberLaw.com

*/s/Briana Al Taqatqa*
Ben D. Kappelman
Briana Al Taqatqa
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Email: kappelman.ben@dorsey.com
Email: altaqatqa.briana@dorsey.com

Stephen D. Bell
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202
Telephone: (303) 629-3400
Email: bell.steve@dorsey.com

Gabrielle M. Wirth
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 800-1400
Email: wirth.gabrielle@dorsey.com

**ATTORNEYS FOR PLAINTIFF LOENBRO INSPECTION, LLC**