IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 18-cv-01943-PAB-KLM

LOENBRO INSPECTION, LLC, a Montana LLC

    Plaintiff,

v.

SCOTT SOMMERFIELD, JASON MAHONEY,
BRANDON CAMPOS, and TRISPEC LLC,
a Colorado LLC

    Defendants.

_____

**[PROPOSED] SCHEDULING ORDER**
_____

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

Date:    December 12, 2018 at 11:00 A.M. MDT in Courtroom A-401, Fourth floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

For Plaintiff:    Stephen D. Bell
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202
Telephone: (303) 629-3400
Email: bell.steve@dorsey.com

For Defendants:    Asa Garber
MCCARTHY GARBER LAW, LLC
501 S. Cherry Street, Suite 1100
Denver, CO 80246
Telephone: (720) 504-5294
Email: asa@mccarthygarberlaw.com

**2. STATEMENT OF JURISDICTION**

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, because the action

arises under the laws of the United States; pursuant to 28 U.S.C. § 1332, because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs; and pursuant to 28 U.S.C. § 1367 because Loenbro's state-law claims and Defendants' counterclaims are so related to the claim in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. No party has denied or disputed the Court's subject matter jurisdiction over this matter or the current claims.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff:**

This case involves claims arising from Defendants' betrayal of their former employer, Plaintiff Loenbro, by surreptitiously establishing a new, competing enterprise, Trispec LLC, while still employed at Loenbro. Defendants prepared a detailed business plan months ahead of their departure from Loenbro that used Loenbro's proprietary financial, customer, employee, and pricing information and stated Defendants' intent to target customers they serviced at Loenbro with their new business. The individual Defendants solicited at least one other Loenbro employee to join their new venture while they were still employed at Loenbro. In addition, Defendants misappropriated Loenbro's confidential and proprietary information, including but not limited to, computer and equipment programming files.

For these acts, the individual Defendants are liable to Loenbro for their breaches of contract, breaches of the duty of loyalty, misappropriation of trade secrets, tortious interference with prospective economic advantage, unfair competition, and civil

conspiracy. Defendant Trispec is liable for tortious interference with prospective economic advantage and misappropriation of trade secrets for its unlawful acquisition and/or use of Loenbro's trade secrets within the meaning of the Defend Trade Secrets Act 18 U.S.C. § 1836, the Colorado Uniform Trade Secrets Act, C.R.S. §§ 7-74-101 et seq., and under the common law.

Defendants filed Counterclaims, of which Plaintiff has moved to dismiss Count IV (Intentional Infliction of Emotional Distress) under Fed. R. Civ. P. 12(b)(6). That motion is still pending before the Court.

    **b.**    **Defendants:**

Defendants Sommerfield, Mahoney, and Campos ("Individual Defendants") worked for Plaintiff Loenbro. Based upon Loenbro's operational philosophy and various proposed areas of expansion, Individual Defendants left Loenbro to operate as a separate company, Defendant Trispec. During their employment with Loenbro, Individual Defendants limited their involvement with Trispec to purely preparatory, legally-permissible conduct. Individual Defendants did not misappropriate Loenbro's confidential information.

When Loenbro threatened Defendants, Defendants offered to cooperate to address Loenbro's concerns about its alleged confidential information. Loenbro refused to identify what it claimed was confidential information. Instead, Loenbro, through its agents, demanded Defendants abandon their careers in the industry (by signing an agreement to not compete with Loenbro for 10 years—an agreement that violates Colorado law) or Loenbro would launch a campaign to "bury" them.

Loenbro then used at least one private investigator to stake out Defendant Sommerfield's family residence, and to follow Defendants wherever they went, regardless of whether such travel or activities involved business—with an espoused purpose of preventing Defendant, no longer Loenbro employees, from approaching Loenbro's customers to compete against Loenbro. This campaign of personal threats, harassment, and bullying, motivated by and intended to drive out competition in violation of Colorado law, caused Defendant Sommerfield severe emotional distress, leading to him obtaining medical attention and taking medication.

Additionally, Loenbro has failed to pay various bonuses and compensation to Individual Defendants it is contractually and legally bound to pay.

    c.    **Other Parties:**  N/A

## 4. UNDISPUTED FACTS

Defendants Mahoney and Campos' first day of employment at Loenbro was June 21, 2017. Loenbro hired Defendant Campos as an inspection technician. He later became Advanced Services Technician in the Southern Rockies Division. Campos reported to Defendant Sommerfield. Campos was a non-exempt employee paid $35 per hour. Sommerfield was given access to a Loenbro-owned pickup truck.

The week of March 12, 2018, Parrish Furr, another Loenbro employee, was in Greeley, Colorado. Furr had dinner with Sommerfield, Mahoney, and Campos. Around March 28, Mahoney provided Furr with a copy of the individual Defendants' business plan for the new entity, which they called Trispec. The business plan states, "TRISPEC has identified four customers who will likely elect to utilize our PAUT services immediately

4

after launch. These customers have utilized PAUT in their businesses by the founding members of TRISPEC through past companies, and have forged a loyalty that will extend into future endeavors." Furr had additional discussions with the individual Defendants. Furr remained employed by Loenbro.

On April 27, 2018, an attorney working on behalf of the individual defendants filed articles of organization for Trispec LLC listing Defendant Sommerfield as the registered agent and Defendant Mahoney as the person forming the LLC.  The articles listed 3620 W 10th Street Ste B, #318, Greeley, CO 80634 as the address of the new business.  3620 W 10th Street Ste B is the site of a UPS Store, a business at which one can rent a mailbox.

On Wednesday, July 18, 2018, Sommerfield, Mahoney, and Campos notified Loenbro's human resources manager via email that they were quitting Loenbro. In Sommerfield's resignation email, he indicated that he would remain on the job until July 20 to help clean up any loose ends. On the night of July 19, Sommerfield called the human resources manager and informed her that he would not be coming in on July 20. In Mahoney's resignation email, he indicated that he would remain on the job until July 20. He came to work on Thursday, July 19, but did not report to work on Friday, July 20. Campos indicated his resignation was effective immediately. Defendants Sommerfield and Mahoney were employees of Loenbro until July 19, 2018 and Defendant Campos was an employee of Loenbro until July 18, 2018.

Loenbro's counsel sent letters to the individual Defendants on Friday, July 20, 2018. Defense counsel replied: "On 7/18/2018, Mr. Campos provided the Loenbro property he

5

possessed to the office at 200 12th Street SW, Unit 110, in Loveland. On 7/19/2018, Mr. Sommerfield and Mr. Mahoney did the same."

On Monday, July 23, 2018, Sommerfield, Mahoney, and Campos were observed meeting at an office building located at 3773 Cherry Creek N Dr, in Denver. Two of the three were wearing matching polo shirts with word "Trispec" embroidered on them. Photographs of the individual Defendants taken at the building are included in the Declaration of Craig Smith filed in this action. Defendant Sommerfield and Defendant Campos were photographed at a coffee shop inside the building, wearing their matching Trispec shirts. Defendant Mahoney joined them at the coffee shop. All three individual Defendants were photographed standing together inside 3773 Cherry Creek N Dr. Defendant Sommerfield was photographed speaking with Defendant Mahoney in the parking lot outside the office building at 3773 Cherry Creek N Dr. The logo on Sommerfield's shirt and the short worn by Defendant Campos read "Trispec."

The MX2 is a modular PAUT device that an inspector can take to a customer site to engage in NDT. The MX2 uses ultrasonic waves to inspect, for example, welds and corrosion. Olympus NDT Instruments manufactures the OmniScan MX2 utilized by Defendants at Loenbro to complete PAUT. Setup files utilized by the MX2 are stored on SDHC cards inside the machine.

After the individual Defendants' departure, Loenbro demanded the return of a SDHC card that Defendant Campos had in his possession. Counsel for the individual Defendants sent an email to counsel for Loenbro on July 25, 2018, saying, "I've reached out to Brandon [Campos]. He didn't realize he still had the SDHC card, but discovered it

6

upon search. He will return it this afternoon to your office." Later that day, Defendant Campos brought the SDHC card to counsel for Loenbro's office in Denver.

## 5. COMPUTATION OF DAMAGES

**For Plaintiff:** Plaintiff seeks the following categories of damages, which cannot be computed at this time because the full extent of the wrongful conduct has not been determined:

- Plaintiff's lost profits;

- Damages to Loenbro's ability to collect for services rendered to its customers;

- Damage to Plaintiff's goodwill and reputation;

- Treble, exemplary, and punitive damages arising out of Defendants' willful misappropriation of trade secrets to be determined at trial;

- Costs of litigation, including attorneys' fees, in an amount to be determined at trial;

- Pre- and post-judgment interest.

**For Defendants:** Defendants seek the following categories of damages, as able to be articulated at this point in the litigation:

- Defendant Sommerfield's contractually-owed, second-quarter bonus of $6,842 (based upon the information currently-available to Defendant Sommerfield, with more information held by Loenbro), plus interest.

- Defendant Mahoney's contractually-owed, 2% bonus on collected revenue, plus interest.

- Individual Defendants' legally-owed payout of accrued vacation time.
- Damages from Loenbro's harassment and fear campaign against Defendant Sommerfield, including:
  - Economic damages for Defendant Sommerfield's past and on-going medical bills and medication expenses related to Loenbro's harassment and fear campaign.
  - Non-economic damages for Defendant Sommerfield's past and on-going emotional distress related to Loenbro's harassment and fear campaign.
  - Exemplary damages based upon Loenbro's illegal, intentional campaign against Defendant Sommerfield's right to pursue his career and to not have himself and his family harassed and put in fear of their safety due to Loenbro's intent to scare and intimidate him into not lawfully competing against Loenbro.
- Reasonable attorney fees, should Loenbro's claim of misappropriation be determined to be made in bad faith.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P.26(f)

a.  Date of Rule 26(f) meeting:

November 14, 2018 at 1:30 P.M. MDT.

b.  Names of each participant and party he/she represented:

Stephen D. Bell and Ben D. Kappelman for Plaintiff.

Asa C. Garber for Defendants.

c.     Statement as to when Rule 26(a)(1) disclosures were made or will be made:

The parties will exchange initial disclosures on or before <u>November 28, 2018</u>.

d.     Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

The parties do not propose any changes to the substance of required disclosures under Fed. R. Civ. P. 26(a)(1).

e.     Statement concerning any agreements to conduct informal discovery:

None.

f.     Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

The parties will use a bates-stamping system for document production. The parties will discuss using a unified exhibit numbering system for depositions.

g.     Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

The parties anticipate the case will involve ESI.

(i) Steps taken to preserve ESI: Plaintiff has been advised and understands its obligation to preserve email and other electronically stored information and has taken steps to ensure such preservation. Defendants have been advised of and understand their obligations to preserve email and other electronically-stored information, and have taken

steps to ensure such preservation.

(ii) Steps taken to facilitate discovery of ESI: Counsel for the parties discussed these issues at the Rule 26(f) conference. Judge Brimmer entered an order on October 4, 2018, Dkt. No. 52, establishing a process for the exchange of certain ESI before formal discovery. In addition, the parties are discussing a Proposed Order that will govern the formatting and other technical attributes of productions of ESI in the normal course of discovery. The parties will file that proposal with the Court upon reaching agreement, setting forth any areas of dispute.

(iii) Steps taken to limit costs and delay: The parties will attempt to agree upon custodians and a time frame in an effort to focus the scope of discovery and reduce costs.

(iv) Steps taken to avoid discovery disputes: The parties have engaged in discussions to anticipate (and preemptively address) any discovery-related issues and will continue to do so.

(v) Steps taken to address claims of privilege or protection at trial: The parties will confer regarding evidence to be presented at trial that may implicate privileges or other protections and request appropriate relief from the Court.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

In early August, 2018, the parties exchanged settlement proposals but no settlement was reached. The parties are willing to engage in good faith efforts to resolve this matter.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:

The parties will follow the limitations on the number of interrogatories and depositions set forth in the Federal Rules.

    b.    Limitations which any party proposes on the length of depositions:

The parties will follow the limitations on the length of depositions set forth in the Federal Rules.

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission:

The parties propose limiting the number of requests for production to 25 per side and propose limiting the number of requests for admission to 25 per side, absent their mutual agreement to expand those limits or further order of the Court.

    d.    Other Planning or Discovery Orders: No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(a). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court.

## 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings:

<u>March 15, 2019</u>.

    b.    Discovery Cut-off:

July 5, 2019.

c. Dispositive Motion Deadline:

September 13, 2019.

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any:

Plaintiff may rely on a computer forensic and/or computer programming expert in connection with any of the matters for which it will seek ESI. Plaintiffs may also call a rebuttal medical expert.

Defendants may wish to call a rebuttal expert in response to Plaintiff's expert. Defendant Sommerfield may call a medical expert in relation to his intentional infliction of emotional distress/outrage claim.

Both parties may also call damages experts.

2. Limitations which the parties propose on the use or number of expert witnesses:

Three.

3. The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

April 26, 2019.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

<u>May 31, 2019</u>.

e.   Identification of Persons to Be Deposed:

**By Plaintiff:**

| Name of Deponent | Estimated Length of Deposition |
| --- | --- |
| Scott Sommerfield | 7 hours |
| Jason Mahoney | 7 hours |
| Brandon Campos | 7 hours |
| Rule 30(b)(6) Representative: Trispec LLC | 7 hours |

Plaintiff may seek to depose additional persons based on information revealed throughout discovery and the result of its pending motion to dismiss.

**By Defendants:** Defendants will have questions for the deponents listed by Plaintiff, and will coordinate with Plaintiff to efficiently conduct those depositions. Additionally, Defendants anticipate deposing:

| Name of Deponent | Estimated Length of Deposition |
| --- | --- |
| Travis Joyner | 5 hours |
| Jon Leach | 3 hours |
| Dusty Fryberger | 6 hours |
| Parrish Furr | 5 hours |
| Rich Reuter | 3 hours |
| Craig Smith | 2 hours |

Based upon documentation and information obtained through and during discovery,

Defendants may seek to depose additional individuals.

    f.    Deadline for Interrogatories:

Served on or before <u>May 31, 2019</u>.

    g.    Deadline for Requests for Production of Documents and/or Admissions:

Served on or before <u>May 31, 2019</u>.

## 10. DATES FOR FURTHER CONFERENCES

    a.    Status conferences will be held in this case at the following dates and times:

The parties do not presently anticipate the need for additional status conferences but will contact the Court as necessary.

    b.    A final pretrial conference will be held in this case on _____ at \_\_\_o'clock AM/PM. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

    a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:

None at this time.

    b.    Anticipated length of trial and whether trial is to the court or jury.

Jury Trial: 1 week.

    c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at

Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction Colorado.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.L Civ R 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.L Civ R 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

The instant scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 2018.

BY THE COURT:

_____
Hon. Kristen L. Mix

APPROVED:

*s/ Asa Garber*
Asa Garber
MCCARTHY GARBER LAW, LLC
501 S. Cherry Street, Suite 1100
Denver, CO 80246
Telephone: (720) 504-5294
Email: asa@mccarthygarberlaw.com

**Attorney for Defendants Scott Sommerfield, Jason Mahoney, Brandon Campos, and Trispec LLC**

*s/ Ben D. Kappelman*
Ben D. Kappelman
Briana Al Taqatqa
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Email: kappelman.ben@dorsey.com
Email: altaqatqa.briana@dorsey.com

Stephen D. Bell
DORSEY & WHITNEY LLP
1400 Wewatta Street,
Suite 400
Denver, CO 80202
Telephone: (303) 629-3400
Email: bell.steve@dorsey.com

Gabrielle M. Wirth
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 800-1400
Email: wirth.gabrielle@dorsey.com

**Attorneys for Plaintiff Loenbro Inspection, LLC**